IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK05-44873 |
| | ) | CH. 7 |
| RONETTE A. GOODWIN, | ) | |
| | ) | |
|                 Debtor. | ) | |
| EARTHLINK, INC., | ) | ADV. NO. A06-4031 |
| | ) | |
|                 Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| RONETTE A. GOODWIN, | ) | |
| | ) | |
|                 Defendant. | ) | |

This matter is before the Court on the Motion for Summary Judgment filed by Plaintiff (Fil. #19), the Amended Resistance by Defendant (Fil. #49), and the Cross-Motion for Summary Judgment filed by Defendant (Fil. #55). Plaintiff, Earthlink, is represented by Tim W. Thompson. Defendant, Ronette Goodwin, is represented by George G. Vinton. The motions were taken under advisement as submitted without oral arguments.

Earthlink obtained a judgment on May 11, 2005, in the United States District Court for the Northern District of Georgia (Fil. #27). The default was apparently entered as a result of Goodwin's failure to comply with the district court's orders to participate in certain discovery. The judgment indicates that Earthlink's complaint asserted violations of four federal statutes, three state statutes, and various common-law claims. The claims were based upon conspiracies among defendants in sending unsolicited email. As a result of the entry of the default judgment, Earthlink seeks to have its judgment against Goodwin determined to be nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) (services obtained by false pretenses, false representation, or actual fraud), § 523(a)(4) (larceny), and § 523(a)(6) (willful and malicious injury). Earthlink argues that the judgment of the United States District Court for the Northern District of Georgia should be given preclusive effect in this discharge proceeding.

When a prior judgment is relied on in a nondischargeability proceeding in a bankruptcy case, the question becomes whether the previous judgment establishes the elements of a prima facie case under Section 523. *Hobson Mould Works, Inc. v. Madsen (In re Madsen)*, 195 F.3d 988, 989-90 (8th Cir. 1999); *Bankers Trust Co., N.A., v. Hoover (In re Hoover)*, 301 B.R. 38, 45-46 (Bankr. S.D. Iowa 2003).

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*,

477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Aviation Charter, Inc. v. Aviation Research Group/US*, 416 F.3d 864, 868 (8th Cir. 2005); *Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.)*, 371 F.3d 397, 401 (8th Cir. 2004).

In ruling on a motion for summary judgment, the court must view the facts in the light most favorable to the party opposing the motion and give that party the benefit of all reasonable inferences to be drawn from the record. *Widoe v. District No. 111 Otoe County Sch.*, 147 F.3d 726, 728 (8th Cir. 1998); *Ghane v. West*, 148 F.3d 979, 981 (8th Cir. 1998). A summary judgment motion should be interpreted by the court to dispose of factually unsupported claims and defenses. *Tiffey v. Speck Enter., Ltd.*, 418 F.Supp. 2d 1120, 1123 (S.D. Iowa 2006).

> Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Celotex*, 477 U.S. at 322. "We look to the substantive law to determine whether an element is essential to a case, and only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Williams v. Marlar (In re Marlar)*, 252 B.R. 743, 751 (B.A.P. 8th Cir. 2000) (*quoting Ries v. Wintz Properties, Inc. (In re Wintz Cos.)*, 230 B.R. 848, 858 (B.A.P. 8th Cir. 1999)) (internal quotations omitted).

Collateral estoppel prohibits the relitigation of issues that have been adjudicated in a prior action. The principles of collateral estoppel apply in discharge exception proceedings in bankruptcy court. *Grogan v. Garner*, 498 U.S. 279, 285 n.11 (1991). As discussed in the Eleventh Circuit case of *Bush v. Balfour Beatty Bahamas, Ltd. (In re Bush)*, 62 F.3d 1319, 1322 (11th Cir. 1995), the Court discussed the application of the principles of collateral estoppel in discharge exception proceedings as follows:

> In order for a party to be estopped from relitigating an issue regarding the dischargeability of a debt, a bankruptcy court must find the following four elements present:
> 1. The issue in the prior action and the issue in the bankruptcy court are identical;
> 2. The bankruptcy issue was actually litigated in the prior action;
> 3. The determination of the issue in the prior action was a critical and necessary part of the judgment in that litigation; and
> 4. The burden of persuasion in the discharge proceeding must not be significantly heavier than the burden of persuasion in the initial action.

62 F.3d at 1322 (*citing In re Yanks*, 931 F.2d 42, 43 n.1 (11th Cir. 1991) and the *Restatement (Second) of Judgments* § 28(4) (1982)).

*In re Bush* was similar to the case at hand. The underlying federal court judgment was a default judgment entered as a sanction against the debtor. Accordingly, the Eleventh Circuit discussed the issue of whether a "default judgment" can be held to satisfy the "actually litigated" element for collateral estoppel. The Court stated:

> Ordinarily a default judgment will not support the application of collateral estoppel because "[i]n the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated." *Restatement (Second) of Judgments* § 27 cmt. e (1982). *See also Restatement of Judgments* § 68 cmt. d, e (1942). The circuits which have considered the issue in the context of bankruptcy discharge exception proceedings have adhered to this view. *See e.g., Spilman v. Harley*, 656 F.2d 224, 228 (6th Cir. 1981) ("If the important issues were not actually litigated in the prior proceeding, *as is the case with a default judgment,* then collateral estoppel does not bar relitigation in the bankruptcy court.") (emphasis added); *In re: Raynor*, 922 F.2d 1146, 1150 (4th Cir. 1991), *In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983); *In re McMillan*, 579 F.2d 289, 292 (3d Cir. 1978).

62 F.3d at 1323.

Ultimately, the Eleventh Circuit found that Bush actively participated in the underlying action over an extended period of time. *Id*. at 1324. Therefore, the Eleventh Circuit held that the issue was actually litigated and the default judgment could support application of the collateral estoppel doctrine. *Id*. at 1324-25.

This case, however, is different. Goodwin did not actively participate in the U.S. District Court action over an extended period of time. It appears that Goodwin's involvement may have been limited to sending the Court denials that she was involved in the alleged activity. She did not hire a lawyer, and no formal appearance was ever made on her behalf. In fact, in its Order, the district court specifically referred to Goodwin's involvement as "minimal participation." *See* Order at 2 (Fil. #27). There is no other evidence to support a finding that the dischargeability issues were "actually litigated" in the district court action.

Furthermore, despite the assertions by Earthlink, it is not at all clear that the elements under Sections 523(a)(2), (4), or (6) were either "actually litigated" or were "a critical and necessary part of the judgment" in the district court litigation. The district court did make certain broad findings in its judgment, but none of those findings clearly indicate that Goodwin was found to have personally engaged in activity that would make the judgment nondischargeable. In fact, at Pages 11-12 of the Order, the district court declined to grant punitive damages because Plaintiff's evidence fell short of proving "by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences."

Finally, Earthlink apparently anticipated that one or more of the defendants would file bankruptcy and attempt to discharge any obligation under the district court judgment and, therefore,

asked the district court to include a provision in its Order that the judgment would not be dischargeable in bankruptcy. The district court specifically found at Page 14 of its Order that:

> Plaintiff's request that the Court opine on the treatment of this judgment by a bankruptcy court in the event of a bankruptcy by one or more of the Defendants is not appropriate. Matters in bankruptcy are entrusted to the judgment of those assigned to that bench with certain rights to appeal to the District Court. To include in this Order the dischargeability provision requested by Plaintiff could interfere with procedures for bankruptcy cases that statutorily are in place.

Accordingly, the judgment of the United States District Court for the Northern District of Georgia will not be given preclusive effect as to the issues involved in this dischargeability proceeding. Genuine issues of fact exist as to Goodwin's conduct, knowledge, and involvement. Earthlink's Motion for Summary Judgment is denied. Goodwin's Cross-Motion for Summary Judgment is also denied.

IT IS ORDERED that:

1.   Plaintiff's Motion for Summary Judgment (Fil. #19) is denied; and

2.   Defendant's Cross-Motion for Summary Judgment (Fil. #55) is denied.

DATED: October 11, 2006.

                              BY THE COURT:

                              /s/ Thomas L. Saladino
                              United States Bankruptcy Judge

Notice given by the Court to:
     *Tim W. Thompson
     *George G. Vinton
     U.S. Trustee
     Philip M. Kelly, Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.